### No. 10.055
### Orleans

---

### CHARLES MILES v. NEW ORLEANS PUBLIC SERVICE, INC.

---

(March 1, 1926.  Opinion and Decree.)
(March 15, 1926.  Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 25, 27, 28.**
The general obligation imposed by law upon a carrier to protect its passengers from injury by other passengers, strangers or intruders, exists only when the danger is apparent, or when under certain circumstances the danger should have been anticipated.

2. **Louisiana Digest—Street and Interurban Railroad—Par. 21; Carriers of Passengers and Goods—Par. 27.**
The operators of a street car upon which a disturbance has been created by trespassers suddenly boarding the car for purposes of committing mob violence upon a passenger, are not obligated to desert their post of duty in order to summon necessary assistance for protection to the passengers.

(Civil Code, Article 2315.  Editor's note.)

Appeal from Civil District Court, Parish of Orleans, No. 154,205, Division "B", Hon. M. M. Boatner, Judge.

This is a suit for damages against the street railway company because the plaintiff was assaulted while a passenger on a street car.  There was judgment for defendant and plaintiff appealed.  Judgment affirmed.

J. J. Wingrave of New Orleans, attorney for plaintiff, appellant.

Benj. W. Kernan, of New Orleans, attorney for defendant, appellee.

BELL, J.  The plaintiff in this case, who was mercilessly beaten and assaulted while a passenger on a suburban street car near the City of New Orleans, sues the defendant carrier and its bondsman for damages in the sum of $5,000.00.  From a judgment in favor of defendant, plaintiff has appealed.  The act of negligence charged in the petition is that the railway company's employees who were operating the car at the time of the assault encouraged several white men, members of the State National Guard encamped near the scene of the assault, to enter the car, and that by so doing, said employees were negligent in the performance of their duty to protect plaintiff, who was a passenger on said car.  This is the sole act of negligence charged in the petition.  The brief submitted to this Court by counsel for plaintiff urges, as a further act of negligence, that the employees failed to leave the car before or

at the time of the assault and call for assistance, which would have enabled them to quell the impending riot or disturbance. There is no proof whatever in the record to the effect that the crew of the car, that is to say, either the motorman or conductor thereof, encouraged or offered any inducement or invitation to the parties who entered the car and assaulted the plaintiff.

The defendant denies generally the allegations of plaintiff's petition, and, specially answering, avers:

"That they are informed and believe that on January 22, 1924, about 6:00 p. m., several members of the National Guard who were encamped at Metairie Road and Harlem Place, boarded the car of the Napoleon line, No. 661, and a fight between the members of the National Guard and some negroes who were in the car was started. That the disturbance was quelled, but after the car had proceeded a few blocks several soldiers boarded the car and engaged in a general fight with negro passengers who were in the car. That the motorman and conductor made every effort to quell the disturbance and to ascertain the names of the soldiers who had been engaged in the difficulty, and without success."

The facts, as set forth in the above quoted paragraph of defendant's answer, we find to be substantially established by the evidence. Five witnesses for defendant and one for plaintiff all testify that the motorman and conductor of the car made every possible effort to quell the disturbance. Those same witnesses further testify that when the car in question left the terminus at Shrewsbury, there was a slight discussion or altercation between members of the two races then on the car, and that this first trouble had been entirely subdued when the car proceeded on its way for a block or more, and at that point some of the soldiers on the car chased a negro therefrom and pursued him along the track of the railway, and that the

car, coming to a stop, again resumed its journey for a short distance toward Metairie Ridge, when soldiers who had been previously on the car and other soldiers stood on the track and forced the motorman to stop his car, and then boarded the car and without provocation brutally assaulted the plaintiff, a negro passenger, striking him on the head with the metal projection of the screens which separated the races, and that this projection penetrated the negro's forehead at a point near one of his eyes, and caused the eye to be forced from its socket. These so-called "soldiers," after indulging in this cruel and merciless attack upon the defenseless plaintiff, then left the car, and, though persistent effort was made on the part of defendant railway company to establish the identity of these assaulters, no results were obtained. There is further proof that the negro was brought in the car to the police station near Metairie Cemetery, and there turned over to the police authorities, who conveyed him to a hospital.

We have searched the record in vain for any acts of negligence which could fix liability upon the defendant in this case.

Plaintiff has testified that after he was injured the conductor of the car tried to put him off and leave him without assistance of any sort. There is no corroborative evidence to sustain this charge. While the Court has seldom had occasion in its experience to review a more pitiful case than the instant one, nevertheless, as a proposition of law, the liability sought to be attached to the defendant in this case cannot be maintained.

The general rule of law regarding the high degree of care due by carriers to passengers, as well as the modification of the rule, almost universally observed in cases similar to that now under consideration, is clearly stated in Corpus Juris, Vol.

10, pp. 906, 907, verbo "Carriers," par. 1334:

"The carrier owes to a passenger the duty of exercising a high degree of care to protect him from insult and injury by strangers or intruders on its cars or premises, if the danger is, or in the exercise of due care can be, known to the employees of the carrier and prevented by them, and if it fails in its duty in this respect it is liable for the resulting injury. Thus the carrier may be liable for the robbery of a passenger by strangers, if by due diligence it could have been prevented by those in charge of the conveyance. This duty, however, arises only when the danger is actually foreseen in time to prevent it, or is of such a nature and under such circumstances that it might be anticipated; and, in general, the carrier is not liable for the acts of third persons intruding into the waiting rooms or on the depot grounds, or within the cars, and causing injury to passengers, where the disorderly conduct which caused the injury could not have been anticipated or where the carrier's employees, although knowing of the threatened danger, could not in the exercise of due care prevent it."

In the case of Pittsburg, Ft. W. & C. R. R. Co. vs. Hinds, 53 Pa. 512, a mob, defying the conductor, entered a train which had stopped at a wayside station and started a fracas which resulted in injury to a passenger who sought to hold the carrier liable. The court denied recovery, stating that while the carrier was bound to furnish a crew sufficient for the ordinary demands of transportation, it could not be held for failure to anticipate or provide against such an unusual occurrence. See also Fewings vs. Mendenhall, 93 N. W. 127.

In Batton vs. So. & North Alabama R. R. Co., 77 Ala. 591, the court, noting many decisions as to a carrier's duty to exercise great care in protecting its passengers against violence of intruders or strangers, said:

"There are many well considered cases which support this view, but none of them fail to impose the qualification that the wrong or injury done the passenger by such strangers must have been of such a character and perpetrated under such circumstances as that it might reasonably have been anticipated or naturally expected to occur."

This Court, in the recent case of Adkins vs. N. O. Ry & Lt. Co., et al., 1 La. App. 130, denied recovery to a colored passenger who was thrown from the platform of a street car by disorderly passengers attempting to escape from the car after raising a disturbance with the conductor who had refused to honor certain transfers. We there held, citing many authorities, that the carrier was not liable in a street car fracas where the action of fellow passengers was unexpected, and the employees of the company were unable to cope with the situation so as to afford protection to the injured passenger. Va. Ry. & P. Co. vs. McDemmich, 86 S. E. 744.

We find no error in the judgment appealed from; it should be affirmed.