## ANTLEY v. DAVIS.
### No. 6181.

Court of Appeal of Louisiana, Second Circuit.

Nov. 29, 1940.

Thompson & Thompson, of Monroe, for appellant.

Jos. S. Amman, of Monroe, for appellee.

DREW, Judge.

Plaintiff contracted with Mrs. Cora Davis, wife of the defendant herein, to cultivate 30 acres of land owned by her. The details of the contract are unnecessary to relate here. The arrangement proved most unsatisfactory to Mrs. Davis as she and plaintiff could not agree on anything.

The record discloses that Mrs. Davis put forth every possible effort, even to enlisting the aid of the City Judge of Monroe, to get plaintiff to work his crop which he had started on the place owned by Mrs. Davis. She failed in her efforts and finally entered ejectment proceedings against him.

After plaintiff had failed and refused to work his crop, Mrs. Davis employed a negro by the day to do the necessary work but when he attempted to work the crop, he was driven away by the plaintiff. She then employed a white man to work in the crop for eight or ten days. On this particular morning,—which was the day before the ejectment suit was to be tried—he was forbidden by plaintiff to enter on the premises and continue his work so he immediately reported this fact to Mrs. Davis.

Mr. Davis, the defendant herein, whose occupation is that of a railroad man and who is away from home most of the time, was at home on this morning. He got into his car with the hired hand and his son and drove to the premises occupied by plaintiff. They found plaintiff out in the road and when defendant stopped his car, got out and started toward plaintiff, he turned and made an effort to get away from Mr. Davis. Due to infirmities, he could not move very fast and Mr. Davis soon caught up with him and struck him in the face, knocking him down. When the plaintiff arose and started away from Mr. Davis again, he was followed by Mr. Davis who either kicked or attempted to kick plaintiff, causing Davis' foot to slip out from under him and he fell to the ground. Whether plaintiff jumped on him or defendant pulled plaintiff down with him is not certain. Both got up and plaintiff went his way and defendant and his hired hand went into the field where defendant remained most of the day. The next day the ejectment suit was tried and plaintiff ordered ejected from the premises. Plaintiff has instituted this suit for damages caused by the assault and battery.

Defendant knew of the trouble his wife had been having with plaintiff during his absences from home and plaintiff's conduct over the period of weeks was such as to provoke defendant greatly. However, it was not sufficient provocation to justify defendant in the eyes of the law in making the assault on plaintiff. His remedy was through the courts and his wife had at that time instituted proceedings which culminated the next day in plaintiff's being ordered ejected from the premises.

Defendant is liable for the damages sustained by plaintiff because of the assault and battery.

■ The testimony fails to disclose that the plaintiff is entitled to anything on account of humiliation or embarrassment and he is therefore only entitled to the actual damage caused by physical injuries due to the assault.

Plaintiff's nose was made to bleed and his eyes were both blacked and swollen. He received no permanent injuries and the swelling and discoloration of his eyes disappeared within a week or ten days.

■ We are convinced that an award of $100 is sufficient to cover all damages caused to plaintiff by the unlawful assault.

It therefore follows that the judgment of the lower court is amended by reducing the amount of the award from $250 to $100 and as amended, the judgment of the lower court is affirmed; cost of appeal to be paid by plaintiff and all other costs to be paid by the defendant.