This is a suit involving a triple demand against the defendant. The first is one by the commercial partnership known as Guarisco Motor Company, composed of John Guarisco and Anthony Guarisco, on an open account for the sum of $96.60; the second by the same partnership for damages to their truck alleged to have been sustained in an accident which was caused by the negligence of the driver of the defendant truck, and the third by Anthony Guarisco, individually, for an unlawful assault and battery growing out of an altercation with the defendant over the accident.
The demand for damages to the truck is for $184.95, the estimate made by a garage in Morgan City and $100 for depreciation of its value. The demand for assault and battery is for $500 for mental pain and physical suffering and $500 for humiliation and embarrassment.
The demand on the open account was settled before the other demands were put at issue and has therefore passed out of the case.
The accident in which the two trucks, that of the plaintiffs and that of the defendant, were involved occurred on Front Street in Morgan City where the Government was engaged at the time in doing some work on a dyke or sea-wall. This sea-wall was located in the center of the street and traffic ran on both sides of it. The two trucks involved in the accident were engaged by the Government in hauling material to the job. There were gaps or openings in the dyke corresponding to the street intersections on either side, in order to permit traffic to cross from one side of the street to the other.
The plaintiffs' truck was going south on one side of the sea-wall and the defendant's truck was going north on the other side. Defendant's truck intended to turn and head south and accordingly it had already *Page 365 
gone through one of these gaps in order to make its turn and the collision took place right at or near a point after it had made the crossing. The driver of that truck is charged with negligence in having failed to give warning of his intention to cross, in crossing in front of plaintiffs' truck and blocking its right of way without allowing sufficient time or space for that truck to stop, and in failing to keep a proper lookout.
The defense is a denial of the negligence charged against the driver of the defendant truck and an averment that the incompetent and negligent operation of plaintiffs' truck was the sole cause of the collision.
After the case was tried in the lower court the district judge rendered judgment in favor of the defendant on the claim for damages to plaintiffs' truck, basing his decision on the rule of the last clear chance. He then awarded damages to the plaintiff Anthony Guarisco on the claim for unlawful assault in the sum of $50. This amount was promptly paid by the defendant with costs. Plaintiffs have appealed and it is stated in brief of counsel that the appeal is limited to the judgment in so far as it rejected the demand for damages to the truck and also rejected further demand in the sum of $50 for the assault.
[1] On the question of the liability of the defendant for negligence of the driver of his truck we do not think that the testimony found in the record justifies a reversal of the trial judge's rejection of that demand. Counsel for plaintiffs raises the point that as contributory negligence and the rule of last clear chance had not been specially pleaded, the trial judge committed error in basing his decision on the doctrine of last clear chance. There are some decisions to the effect that where such defenses are not specially urged but the testimony relating to them is admitted without objection, the case can be disposed of on a consideration of such testimony. Such a rule was upheld no longer than a month ago in the case of Randazzo v. Meraux, 27 So.2d 740.
[2] From the evidence in the case it appears that this dyke which separated the two trucks, as they travelled on Front Street, was not so high that it obstructed the view of the driver on either side. The defendant truck was in plain view of the driver of plaintiffs' truck and he could, or should have seen it when it was crossing over to his side of the street in order to turn south. In fact he admits that and as much as admits that he was not keeping a proper look-out. The testimony preponderates also on the point that defendant's driver had already crossed the opening and turned his truck to the south when its back end was collided with by plaintiffs' truck. A witness named Larry Boudreaux corroborates the driver of defendant's truck on this point and the testimony of Edward Boudreaux, Superintendent of Schools of St. Mary Parish, who was near the scene of the accident and repaired to it at once, placed the point of collision fifteen to twenty feet south of the opening, thus showing conclusively that the defendant's truck had already crossed over and was headed south when the collision occurred. Under such facts it appears clear to us that the driver of plaintiffs' truck was not maintaining a proper look-out and therefore even though there may be said to have been any negligence on the part of the driver of defendant's truck, the negligence of plaintiffs' driver would stand in the way of recovery on the part of the plaintiff himself.
[3, 4] On the demand for assault the testimony is to the effect that both the plaintiff and the defendant had been notified to appear at the Mayor's court on the afternoon following the day of the accident. The Mayor did not show up and whatever was to be done about the matter was put off until the following day. While the parties were there, in the presence of several people, an argument arose about the accident and, apparently without provocation, the defendant struck the plaintiff. The blow evidently was not a hard one because nobody saw the consequences such as plaintiff described them. It wasn't severe enough to cause him to suffer any physical *Page 366 
pain and his damages, if any, were properly restricted to the sum of $50 which was sufficient to recompense him for the humiliation and embarrassment he endured.
For the reasons stated the judgment appealed from is affirmed at the costs of the plaintiffs, appellants herein.