JONES, Judge ad hoc.
The plaintiff brings this suit for personal injuries which she allegedly sustained as a result of an assault and battery on her person by the defendant. There was judgment in the trial court dismissing the plaintiff’s suit at her cost, and she has appealed.
The allegations of the petition show that on May 23, 1947, at about the hour of 10:30 a. m., after the plaintiff had attended church services and was leaving the church in company with other members of the congregation, the defendant (without cause or provocation) grabbed her by the throat and made a false accusation against her and began to whip her with a wet rope, which had been soaked in water the night before; that, after the defendant whipped her with the rope in question, he threw her to the ground causing severe injuries to her back, which injuries continued to the time of the trial of the case in the lower court. Plaintiff claims that, as a result of the battery, she sustained a medical bill of $4 to Dr. Freeman; $10 for medical supplies; $5,000 for pain and suffering, and $5,000 for humiliation and embarrassment, making a total of $10,014.
Defendant, in defense of the suit, admits the altercation with the plaintiff but alleges that it resulted from the circulation of false and malicious gossip by the plaintiff and that, when he attempted to remonstrate with the plaintiff in regard to such false gossip which she had circulated, she became aggressive and attacked him and that defendant did no more than to defend himself from her attack. In other words, the defense is self-defense and that the plaintiff was the aggressor in the said difficulty.
The allegations of Article XIV of the answer are as follows: “That at the time and place alleged in Article III of plaintiff’s petition, your respondent, who had also attended mass at the- Catholic Church, approached plaintiff, placed his hand on'her shoulder, turned her toward him, and'said: •“What are these tales you are telling about *348 me”; that plaintiff retorted:. “Don’t come around here about any tales”; that respondent replied: “You are the one who started the whole thing”; That plaintiff thereupon shouted: “Oh, you want to fight, do you”, threw her purse to the ground and sprang upon respondent, ripping his shirt to shreds in her fingers; that your respondent thereupon grabbed a short piece of rope lying on the ground, and struck plaintiff twice across the shoulders with said piece of rope; that'plaintiff and respondent were at once separated by bystanders.”
The trial judge, in his written reasons for dismissing plaintiff’s suit, commented that the case involved questions of fact only and he was of the opinion, from the evidence, that the plaintiff provoked the difficulty. The evidence in this case, however, convinces us that the defendant, and not the plaintiff, was the aggressor in this difficulty for the reason that he accosted the plaintiff on the church grounds immediately after the services, and from Article XIV of his answer (above quoted) it is shown that he placed his hand on her shoulder and turned her toward him, at the same time questioning her about tales which she had circulated relative to him. While it might be true that the statements attributed to the plaintiff — that the defendant was having intimate relations with her daughter-in-law were not true (as was held by the trial judge) — and even if she circulated them to the knowledge of the defendant — this was not sufficient to justify the assault for the reason that our courts have held that mere words do not justify an assault. See Richardson v. Zunts, 26 La.Ann. 313; Munday v. Landry, 25 So. 66, 51 La.Ann. 303, 25 So. 66; Harvey v. Harvey, 124 La. 595, 50 So. 592, and Starnes v. Monsour, La.App., 30 So.2d 135.
In addition to Article XIV of the answer, which we believe shows the defendant to be the aggressor in the difficulty, the plaintiff has testified that defendant overtook her and began beating her with the rope and «he is corroborated in this by at least one witness by the name of Fulton Broussard, who testified that he saw the defendant catch the plaintiff and hit her with the rope. No witness testified that the plaintiff was the aggressor in the.difficulty, other than the defendant, and his testimony is without effect in the face of Article XIV of his answer. Thus, we are of the opinion that the defendant was the aggressor in this difficulty and that he is liable in damages therefor.
The evidence reflects that the defendant struck the plaintiff twice with the rope and she either tripped or he shoved her into a ditch, where she came to rest in a sitting posture. She contends that she suffered for a short while from the bruises and abrasions from the rope and that, as a result of the fall, her back was injured.
Dr. Freeman, who treated the plaintiff, testified that she visited him only one time and this was the date of the difficulty, at which time he found her to be suffering from abrasions and bruises of the leg and back. He prescribed heat and massage for the bruises and was of the opinion that her injury was only slight, and certainly not of a permanent nature. The plaintiff did not visit any other doctor, but testified that she took $10 worth of patent medicine. We are of the opinion that she sustained only slight injuries and that she will be fully compensated by granting her $100 for the injuries as well as the humiliation and embarrassment she suffered. This award is in line with the following recent decisions. Guarisco Motor Company et al. v. Carlisle, La.App., 28 So.2d 364, and Antley v. Davis, La.App., 199 So. 450.
We are of the further opinion that she should be reimbursed the $4 for the doctor’s services, in addition to the $10 which she paid for medicine.
We might add that, even though the rumors circulated by the plaintiff were not sufficient to justify the assault and battery, they should be taken into consideration in mitigation of the damages sought in this suit and we have so considered them in reaching the award herein allowed.
Accordingly, for the above and foregoing reasons, the judgment of the district *349 court will be reversed and there will be judgment in favor of the plaintiff, Albertine Broussard, and against the defendant, Lawrence Citizen, in the full sum of $114, together with legal interest thereon from date of judicial demand until paid; the defendant to pay all costs of this suit.
DORE, J., not participating.