REGAN, Judge.
Plaintiff, Harold F. Livingston, instituted this suit endeavoring to recover the sum of $5,163.06 representing medical expenses and damages for physical .injuries incurred on December 8, 1950, at about seven o’clock P.M. as the result of an unprovoked assault made upon him by the defendant, Armaund J. Steger.
Defendant answered and admitted the occurrence of the “fight” but averred that it was provoked by plaintiff and that he acted in self defense; defendant then *421 reconvened for the sum of $10,000 as damages incurred by him as a result thereof.
From a judgment in favor of plaintiff in the amount of $418.06 and dismissing the reconventional' demand, defendant has prosecuted this appeal.
We have carefully analyzed the transcript and the conclusions predicated thereon by the trial judge in his written reasons for judgment and, we are convinced that these reasons encompass both the factual and legal aspects of the case so fully that we adopt them as our own.
“This is a suit for damages arising out of injuries suffered by the plaintiff as a result of blows struck by the defendant with his fists. The defendant did not deny the beating but set up self defense and provocation. There was a reconventional demand by the defendant for injuries, etc., suffered by him as a result of the fight.
“From all of the evidence and testimony the Court is of the opinion that the facts are as follows: That the plaintiff had been having dates with one Mrs. Wilson but that, for some time prior to the incident which forms the basis of this suit, she had refused to go out with him; that the plaintiff had been incensed by this refusal and on numerous occasions over a considerable period of time had done many things both mean and petty, without justification, for the purpose of forcing her to go out with him again and also for the purpose of embarrassing, and hurting her and other people with whom she associated or for whom she worked; that at the time of this particular fight the said Mrs. Wilson was going out with the defendant Steger; that she complained to Steger about the plaintiff’s conduct and Steger had some reason to believe that such conduct would extend or had extended to him and to his family; that in the evening of December 8, 1950, Steger and Mrs. Wilson went to .the office where the plaintiff was working alone; that Steger then beat the plaintiff with his fists.
“Due to the fact that it forms an excellent basis for determining the truthfulness of all the testimony relative to which of the parties was the aggressor, by far the most important controversial matter in the case is where the fight took place. On this point only three eyewitnesses testified: the plaintiff, who said that it took place inside the office where the defendant was the aggressor, striking and beating the plaintiff without warning immediately upon learning his name, and the defendant and Mrs. Wilson who testified that it took place on the outside near defendant’s car where the plaintiff was the aggressor.
“It was clearly established, without contradiction, that the plaintiff bled profusely and that there was blood scattered in many places in the office, as on the desk, floor, wall, etc. The only reasonable explanation of this condition is that the struggle took place in the office. This conclusion is strengthened by plaintiff’s witness, named Roy, which places all of the parties in the office behind closed doors at the time that said witness arrived on the scene, which testimony the Court believes, and which so conflicts with the testimony of the defendant and Mrs. Wilson as to make it additionally clear that the fighting or beating took place inside the office. In passing it should be noted that said witness, Roy, impressed the Court with his impartiality and apparent truthfulness even though he was related to the plaintiff, as shown especially in those portions of his testimony which he knew were in direct conflict with some portions of the testimony of the plaintiff himself.
“The fight having taken place in the office, the Court concludes that the testimony on behalf of the defendant which seeks to make the plaintiff the aggressor in a fight that took place on or near the sidewalk and near the automobile is untrue in its entirety and was *422 offered only as part of an attempt to establish the plaintiff as the aggressor. The Court is satisfied from all of the facts that the defendant was the aggressor.
“The Court feels that the plaintiff’s jealous conduct regarding Mrs. Wilson did tend to provoke a battery by her or someone on her behalf. However, such provocation, regardless of how insulting and how irritating, was not aimed directly at the defendant. This would be true even if the telephone call allegedly made by the plaintiff to the defendant’s mother under trying circumstances had been fully proved, and that is not the case. The defendant’s mother was not offered as a witness. Steger, therefore, cannot avail himself of the defense of provocation, which might prevent the recovery of damages 'by the injured plaintiff.
“Despite the fact that the aforesaid provocation did not justify the defendant’s action in beating the plaintiff, the Court, quite frankly, is reluctant to award damages for personal injuries. The plaintiff’s conduct was inexcusable and such that, sooner or later, he reasonably could and should have expected to receive a beating as a result of such conduct. In the parlance of the street the plaintiff was clearly asking for a punch in the nose. The court, therefore, has taken this provocation into consideration in mitigation of damages herein and feels that $250.00 is a sufficient amount for pain, suffering, shock, etc. The actual expenses incurred by the plaintiff for hospital and doctor’s bills, all in the total amount of $163.06, are also allowed, making a total judgment of $413.06, with legal interest and costs added thereto.
“The reconventional demand, of course, is dismissed.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.