JANVIER, Judge.
The plaintiff, Thomas McMahon, a “passenger agent” for a taxicab company in New Orleans, was assaulted and beaten by the defendant, Albert J. McDonald, on the sidewalk in front of a hotel in New Orleans and in the vestibule leading from the sidewalk to the main lobby of the hotel.
Alleging that the assault was entirely without provocation and that he had been seriously injured, McMahon brought this suit against McDonald, praying for judgment for $2,043, of which he claimed $1,500 for indignity, humiliation and injury to his feelings; $500 for pain and suffering; $18 for replacement of broken eyeglasses and $25 for loss of earnings for two days.
Defendant denied all of the allegations of the petition.
From a judgment in favor of plaintiff for $518, defendant has appealed. Plaintiff answered the appeal praying that the amount awarded be increased to the amount originally prayed for.
Although defendant denied the allegations of the petition, it is now conceded that there was no provocation whatever for the assault and that the only issue which is before us is the question of how much should have been awarded for the injuries sustained by plaintiff and for humiliation, etc., which he suffered.
The record shows that the plaintiff, at the time, was about 64 years old and that for a long time he had been passenger agent or starter of taxicabs in front of the St. Charles Hotel; that about seven o’clock in the morning one of the passengers, who should have gone in a limousine to the Airport, had been late and that plaintiff was holding a taxicab for him so that he might be rushed to another hotel where he could join the limousine which had left without him.
The defendant - had been an overnight guest at the hotel and, desiring to leave by taxicab, attempted to get into the taxicab which' was being held for the airport passenger, and when he found that that cab had already been engaged, he completely lost his temper, kicked at the door of the taxicab, and attempted to strike plaintiff. Plaintiff retreated to the vestibule of the hotel but was followed by defendant who knocked him down and struck him several blows on the right side of the face.
Fortunately the injuries sustained by plaintiff were not serious. He was taken to a hospital where, according to his own testimony,
“ * * * The man examined my eye and said everything was all right. There was no glass or nothing in it.”
Although he says that he was not able to work for two days, the record amply justifies the conclusion that he was at work on the following day, though he says he “had a terrible headache for two days in this ear.” His right eye was blackened and was in this condition for two or three days. One of his witnesses, another taxicab driver, says that he looked at the- right side of plaintiff’s face and that “it looked like it was kind of a little bruised.”
The occurrence took place at about seven o’clock in the morning and so far as we can tell from the record, there were only four or five other people present.
Under the circumstances we think that the amount awarded below was adequate but was not excessive.
In Durr v. Smith, La.App., 90 So.2d 147, we allowed $750 to a woman who had been assaulted without provocation but there the physical injuries were somewhat more serious than are the injuries sustained by the present plaintiff.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.