ELLIS, J.
Plaintiff filed this suit in which he seeks damages for an alleged unprovoked assault and damages which defendant admitted but denied that it was unprovoked and affirmatively alleged that the provocation consisted of insulting words uttered by plaintiff in which the latter called him “a damned liar” or said to him “God damn you.”
The District in short but concise reasons for judgment held in part:
“Under our law, that is not justification for an assault and battery. Cursing, reviling and accusation of being a d-d liar are not sufficient cause for an assault. Randall v. Ridgley, La.App. 1939, 185 So. 632; McVay v. Ellis, 1921, 148 La. 247, 86 So. 783; Starns v. Monsour’s, La.App. 1947, 30 So.2d [135] 138; Broussard v. Citizen, La.App. 1950, 44 So.2d [347] 348; Oakes v. H. Weil Baking Co., 1932, 174 La. 770, 141 So. 456; Bacas v. Laswell, La.App., 22 So.2d 591; Gross v. Great A. & P. Tea Co., La.App.1945, 25 So.2d [837] 840; Smith v. Parker, La.App. 1952, 59 So.2d [718] 721; 12 La.Law Rev. 479, 480.
“Plaintiff is entitled to recover. His injury was not serious. He sustained a slight cut of the lip and did not have to see a doctor. Under the case of Antley v. Davis, La.App.1940, 199 So. 450, the Court believes that judgment for $50.00 for the injury and $28.00 for the glasses will be sufficient.”
Based upon the above reasons, judgment was awarded plaintiff in the sum of $28 for eye glasses which were broken, and $50 for personal injuries. From this judgment the plaintiff appealed.
Plaintiff is asking on appeal that the quantum be increased to $500 and the defendant counters in his original and supplemental briefs as follows:
“As in most cases involving assault and battery, sharply conflicting versions of the occurrence and its cause appear in the testimony. In the trial court, . defendant-appellee seriously contested liability vel non, on the ground that plaintiff provoked the difficulty. However, as it is the distinct *151 function of the trial court to resolve questions of fact, we do not believe that we could conscientiously urge that manifest error appears in the judgment below.”
******
“The Court below apparently rested its decision on the ground that ‘cursing, reviling and accusation of being a d-d liar are not sufficient cause for an assault.’ We feel that some authority supports the contrary on the facts here presented; however, as stated in our original brief, we could not justifiably contend that reversible error existed in this case. Wee Robertson v. Palmer, [La.App.] 74 So.2d 408; Millet v. B. B. Exterminating Co., Inc., [La.App.] 79 So.2d 409; Smith v. Parker, 59 So.2d 718; Bernard v. Baton Rouge Bus Co., [La. App.] 81 So.2d 456.
“On the other hand, the opinion of the trial judge on the issue of quantum is supported not only by the cases cited in our original brief, but also by the cases holding that provocation, although not sufficient to require dismissal of the claim, may nevertheless mitigate the award. Harvey v. Harvey, 124 La. 595, 50 So. 592; Starnes v. Monsour’s No. 4, [La.App.] 30 So.2d 135; Livingston v. Steger, [La.App.] 58 So.2d 420.”
The only question before this court is one of quantum. It is shown by the testimony that the defendant struck the plaintiff in or near the mouth and split his lip, which caused some bleeding but no serious disabling result, and also caused his glasses to fall and break. The plaintiff described the injury to his lip as “a bruise” on his lip.
Whether the lower court believed that plaintiff had provoked the attack by cursing the defendant is not shown. However, the award of $50 would lead one to believe that he believed plaintiff had cursed the defendant and took this into consideration in mitigation of damag'es.
The Court cites in support of the amount awarded the case of Antley v. Davis, La.App.1940, 199 So. 450 in which plaintiff’s nose was made to bleed and his eyes were both black and swollen. He received no permanent injury and the swelling and discoloration of his eyes disappeared within a week or ten days. In this case plaintiff was awarded $100. Furthermore, the court found that plaintiff was not entitled to anything on account of humiliation and embarrassment.
In the case at bar the injury to the plaintiff’s lip was slight as found by the district court and appeared as a bruise to his lip. The occurrence took place at plaintiff’s place of business and was witnessed only by his son who testified that he got into the fight near its end and struck the defendant. The son was old enough to work with his father in the latter’s machine and bolt repair business. The record fails to show any public humiliation or embarrassment.
Counsel for defendant, among other cases cites Guarisco Motor Company v. Carline, La.App., 28 So.2d 364, 365, in which the court found that as the result of an argument and apparently without provocation the defendant struck the plaintiff a light blow which “wasn’t severe enough to cause him to suffer any physical pain and his damages, if any, were properly restricted to the sum of $50 which was sufficient to recompense him for the humiliation and embarrassment he endured.”
The judgment of the District Court is not manifestly erroneous and is affirmed, costs of this appeal to be paid by the plaintiff-appellant.