AYRES, Judge.
By this action plaintiff seeks to recover damages for physical and mental injuries,, pain and suffering, resulting from an alleged assault and battery committed upon-her by defendant. From a judgment in her favor in the sum of $500 defendant has appealed.
The facts may be briefly stated. On the late afternoon of Sunday, July 15, 1956,. plaintiff, accompanied by her five year old son, was driving her husband’s pick-up. truck in the Town of Campti, Louisiana., Defendant, driving another truck, overtook, plaintiff and began “bumping” her truck' from the rear, which acts he continued for a distance of approximately yi, mile.' As. he came alongside plaintiff’s truck, he forced her to stop on the side of the road. Defendant, after getting out of his truck,. *335 proceeded to severely beat plaintiff, who had also stepped out of her truck.
Plaintiff suffered a number of assorted bruises, which fortunately were only temporary in character, but as a result of which she was confined to her bed for a period of three days after which she was ■examined by Dr. W. H. Pierson of Natch-itoches, Louisiana, whose examination revealed areas of ecchymosis, or livid spots ■on the skin, of the right shoulder, left forearm and both knees. The doctor also found tenderness on palpation of the lower back with radiation of pain to adjacent areas, all of which he concluded were produced in the main, from the beating inflicted by defendant upon plaintiff.
The record discloses no reason or excuse or adequate explanation for defendant’s attack upon plaintiff. His contention that defendant had enticed his nineteen year old sister away from his mother’s home, the father and mother being separated, and that his purpose was merely to talk to plaintiff concerning that matter, is not supported by the record. The assault and battery was most unjustified.
The only issue meriting serious consideration is the quantum of the award. Defendant contends that the award is excessive and should be reduced. Although there is no standard or rule of law from which the amount of recovery in actions of this character can be determined, and while each case necessarily rests upon its own particular facts, under the facts as established in the record, we do not think the award is excessive.
Plaintiff, however, urges in brief that the award is inadequate and cites these cases in support of her contention: Cavalier v. Original Club Forest, Inc., La.App. 1952, 59 So.2d 489; Schwandt v. Nunez, La.App.1954, 71 So.2d 583; Knott v. Litton, La.App.1955, 81 So.2d 124; Durr v. Smith, La.App. 1956, 90 So,2d 147 and McMahon v. McDonald, La.App.1956, 90 So. 2d 692. We are, however, precluded from a consideration of an increase of the award, as plaintiff neither appealed from the judgment nor answered defendant’s appeal. Nevertheless, considering the injuries which were sustained by plaintiff, which were no doubt painful, we think the award made by the trial court does substantial justice between the parties.
Accordingly the judgment appealed is affirmed at appellant’s cost.
Affirmed.