LOTTINGER, Judge.
This is a tort action filed by husband and wife seeking damages suffered as the result of an altercation which occurred in a Negro saloon in the City of Hammond, Louisiana, on September 20, 1954. The petition alleges that on the aforesaid date the defendant, Roosevelt McCray, attacked the plaintiff Evelyn Wells Brazil with a shovel, inflicting serious injury to her head, back, left arm, hip and face, and in addition, filed charges against her for disturbing the peace. For the pain and suffering thus suffered together with the “malicious persecution” (as it is termed in the petition) and permanent disability this plaintiff seeks the sum of $15,000, while her husband seeks the sum of $224.80 which represents ambulance service, bus fare, doctor bills, medicine, the cost of a dental plate and the like.
In his answer the defendant averred that he was the proprietor of the establishment where the fracas arose, and, while admitting that he had struck the plaintiff Evelyn Wells Brazil, averred that he had done so only in defense of his person after she had attacked and cut him with a razor. The answer further set forth that as this plaintiff had entered his place of business in a drunken condition and had created a disturbance by using vile and profane language, he was entitled in reconvention to the sum of $500 for the mental pain caused by the disturbance in addition to $500 for the physical pain caused by the attack with the razor.
Following trial on the merits, judgment was rendered in favor of the plaintiff Andrew Brazil in the amount of $203.50 and in favor of the plaintiff Evelyn Wells Brazil *888 in the amount of $500. The defendant has appealed and the plaintiff Evelyn Wells Brazil has answered the appeal asking that the judgment in her favor be increased to the sum of $1,790.
The trial judge rendered written reasons for judgment wherein he concluded that, in substance, the following is what transpired: Evelyn Brazil, together with two or three other women, went to the defendant’s place two or three times and on the last time became involved in an altercation with one Thelma Williams (also known as Thelma Knight). In an effort to quiet them down, another patron, one S. L. Campbell, bought a bottle of whiskey, and asked them to take a drink and.then leave. Shortly thereafter the argument was resumed and at this time the defendant approached the parties in order to stop it. The plaintiff then pulled a razor and slashed at the defendant with the result that he received some small cuts on his hand. He got her to the door and out of the establishment when she picked up the shovel and “made a pass” at him. He then took the shovel and proceeded to hit her with it.
The trial judge concluded further that the plaintiff Evelyn Wells Brazil was the aggressor and provoked whatever measures were taken by the defendant to evict her from his place of business. On the other hand, however, he felt that, considering that the defendant was a man, sober and weighing about 200 pounds while the plaintiff Evelyn Wells Brazil was a woman, drunk and weighing only about 120 pounds, the former used excessive measures in beating her with the shovel handle after she was outside of his place of business. He then held (following Broussard v. Citizen, La.App., 44 So.2d 347, and Livingston v. Steger, La.App., 58 So.2d 420) that while provocation may not justify an assault, it will be taken into consideration in mitigation of damages, and that here the conduct of the plaintiff was such as to mitigate the damages to which she was entitled to a considerable extent.
The evidence concerning Evelyn Wells Brazil’s sobriety and that concerning her assault with the razor is, as might be expected, most conflicting. A review of the record, however, fails to disclose any manifest error in the conclusions of the trial judge in these respects. This being the case it necessarily follows that while the defendant did go to an unnecessary extreme in beating the plaintiff Evelyn Wells Brazil, her conduct should be taken into consideration in assessing damages to which she may be entitled as was correctly held by the Lower Court.
The award to plaintiff Andrew Brazil is substantiated by the record and its correctness is not assailed by defendant. And, considering all the facts and circumstances, we cannot say that the award to plaintiff Evelyn Wells Brazil is either excessive or inadequate. She was administered a rather severe beating with the shovel handle, and while she apparently suffered no permanent disability, she was taken to a hospital for first aid treatment immediately afterward and later made four other trips to the hospital for treatment. There is no evidence to support the claim based on malicious prosecution, which was disallowed by the trial judge and which the plaintiffs have not raised on this appeal.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.