TATE, Judge.
The sole question raised by plaintiff’s appeal concerns the sufficiency of the award of $25 to him for the humiliation he suffered when defendant without justification pushed[1] or slapped him.
The incident upon which this litigation is founded occurred at about 6:30 a. m. on August 27, 1956. Plaintiff Daigle and his-minor son were parked near the ice-house in Morgan City. The defendant Gilmore,[1] *861 a game warden aged 68 employed by the Louisiana Department of Wild Life and Fisheries, asked Daigle to open his automobile trunk for inspection purposes, having reasonable grounds for such search. There was a brief dispute between Daigle and Gilmore as to which should open the trunk.
As Daigle opened his car door with his right arm held out and his hand clenched to hold his automobile keys, Gilmore pushed or struck him in the face. Gilmore explained that he had done so to fend off what he thought was an approaching blow by Daigle’s clenched right hand. However, as the trial court found, the defendant Gilmore was mistaken in this belief and was not justified in pushing or slapping back at Daigle.
The shove or slap caused no appreciable pain and no physical injury. The nominal award of $25 was assessed against Gilmore for whatever slight humiliation may have been suffered by Daigle under the circumstances above-related.
The trier of fact has large discretion in the necessarily somewhat arbitrary assessment of awards for non-pecuniary damages. LSA-Civil Code, article 1934 (3); see, e. g., Humphries v. Delta Fire & Cas. Co., La.App. 1 Cir., 116 So.2d 130. Further, in awards for damages for unjusti fied batteries, “there is no standard or rule from which the amount of recovery * * * can be determined”; “each case necessarily rests upon its own particular facts,” Smith v. Smith, La.App. 2 Cir., 96 So.2d 334, 335.
We are unable to say that by the present award the trial court abused its discretion, or that (under the circumstances shown by this record) such award is manifestly insufficient. See such cases as: Ayo v. Stephens, La.App. 1 Cir., 92 So.2d 150; Smith v. Bankston, La.App. 1 Cir., 75 So.2d 880; Guarisco Motor Co. v. Carline, La.App. 1 Cir., 28 So.2d 364. The award of the trial court is therefore
Affirmed.

. Subsequent to perfection of the appeal, Gilmore died, and Ms -widow and heirs were substituted as parties defendant.