123 So.2d 766 (1960)
Jesse W. BURTON et al., Defendants-Appellees,
v.
Dr. James W. LEFTWICH, Defendant-Appellant.
No. 9283.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1960.
Mayer & Smith, Shreveport, for appellant.
Dixon & Malsch, Shreveport, for appellees.
GLADNEY, Judge.
This suit is for damages arising from an alleged assault and battery to the person of a four-year-old child. The plaintiffs are the parents of the child, Pamela Rose Burton. Jesse W. Burton, the father and natural tutor of the minor, sues on behalf of the minor, and the mother, Mrs. Jesse W. Burton, Individually seeks damages for mental anguish. Following a trial upon the merits there was judgment in favor of the father in behalf of the minor child for the sum of $500, and the demands of the mother were rejected. The defendant has appealed.
The facts are not controverted. During September, 1957, the defendant, Dr. James W. Leftwich, treated Pamela for a laceration of the toe, which required suturing. In obedience to his instructions, the child was returned later to the doctor's office for the purpose of removing the sutures. At the time, the child was accompanied by her mother and a neighbor. It was suggested by Dr. Leftwich that the child should lie prone while the sutures were being removed and Mrs. Burton was instructed to help hold the child in a prone position. Pamela began to cry and make repeated efforts to sit up, all of which apparently interfered with the task confronting the doctor, and the latter administered several blows with his open hand to the child's right thigh in order to require her to be still. The mother was incensed at this and immediately took the child out of the doctor's office and later that same day the sutures were removed without incident at the office of another doctor. *767 The evidence establishes beyond peradventure that the blows inflicted by the defendant caused bruises which remained visible for a period of as much as three weeks.
The position of the defendant is that he acted pursuant to his professional judgment that such steps were necessary to the maintenance of discipline and that the course of action so taken was preferable to a scissors puncture which might have resulted from the child's continued leg movement.
We agree with the judge a quo in his assigned reasons that the defendant used exceedingly bad judgment in striking the child and liability has been established.
Counsel for appellant argues that the award of $500 as made by the trial court was excessive and in fact, the injuries sustained by the child were of such a minor nature that they were not sufficient to justify an award of damages, thus invoking the doctrine of de minimis lex non curat. On this appeal consideration may not be given to the claims of Mrs. Burton, who sought damages for mental anguish occasioned to her by the sight of her child being unlawfully struck, forasmuch as no appeal on her behalf was taken. In behalf of the appellee it is argued that the effect of the chastisement was to heighten the child's psychological apprehension of medical treatment. This contention is not sufficiently established as a basis for the award of damages. Later during the day the sutures were removed by another doctor without great difficulty. This fact seems to indicate the child suffered no extreme emotional upset.
We cannot agree with appellant that the injuries were insufficient to justify an award of damages, but we are of the opinion that as there is no evidence the chastisement caused the child enduring or severe pain, and as the injury complained of was not of such nature as to require medical treatment, such damages should be nominal. We are mindful of the rule that a judge or jury as the trier of facts is vested with a certain amount of discretion in the assessment of awards for non-pecuniary damages (see: Daigle v. Gilmore, La.App. 1 Cir., 1959, 116 So.2d 860), and further, that there exists no standard or rule from which the amount of such recovery can be determined. Nonetheless, because of the minor nature of the injury sustained, we think that the award as made was excessive and should be reduced to $250. This amount, we feel, is somewhat more in line with our jurisprudence. See: Antley v. Davis, La.App. 2 Cir., 1940, 199 So. 450; Guarisco Motor Company et al., v. Carline, La.App. 1 Cir., 1946, 28 So.2d 364; Broussard v. Citizen, La.App. 1 Cir., 1950, 44 So.2d 347; Smith v. Bankston, La.App. 1 Cir., 1954, 75 So.2d 880.
The judgment from which appealed is amended by reducing the award in favor of the appellees from $500 to $250, and as so amended, the judgment is affirmed. Appellees are cast for costs of this appeal and all other costs should be borne by the defendant.