194 A.2d 307 (1963)
Mary MATTOCKS, Infant, by Elsie Mattocks, Next Friend, Appellant,
v.
William BELL, Appellee.
No. 3308.
District of Columbia Court of Appeals.
Argued September 16, 1963.
Decided October 16, 1963.
*308 Aaron M. Levine, Washington, D. C., with whom Robinson, Rosenberg & Sherry, Washington, D. C., were on the brief, for appellant.
Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
HOOD, Chief Judge.
This case presents a rather unusual factual situation. The plaintiff is a female child who was twenty-three months old at the time in question. The defendant is a medical student who at the time was serving as an extern in the emergency room of District of Columbia General Hospital. The child was taken to the hospital by her mother for treatment of a lacerated tongue. As defendant attempted to examine the child's mouth she clamped her teeth on defendant's left middle finger and bit hard enough to cause blood to spurt from the finger, although it was enclosed in a rubber glove. Defendant shouted to the child to open her mouth but she retained her grip on the finger. He twice unsuccessfully attempted to extricate his finger by forcing a tongue depressor into her mouth. He then slapped the child on the cheek with his hand and this caused her to open her mouth and release the finger. A doctor who immediately treated the finger testified that "the wound was deep enough to have touched the bone." The foregoing facts were not disputed but there was a conflict of testimony regarding the severity of the slap.
The child through its mother brought this action against defendant for damages for assault and battery. The trial court denied recovery, finding that although the action of defendant may have been rash it was not malicious, that the blow was not severe and that the child was not injured.
On this appeal it is urged that when it was established that defendant intentionally slapped the child, an assault and battery was proved, that this proof entitled the child to a recovery unless justification was established, and that there was no evidence from which the court could have found a justification.
We have found no decided case involving a similar factual situation and counsel have cited none to us. The nearest case, factually, is Burton v. Leftwich (La.App.) 123 So. 2d 766, 89 A.L.R.2d 980, where a four-year-old child was allowed a recovery from a doctor who slapped her leg rather severely several times in an attempt to make her lie still in order that he could remove sutures from her toe. There the trial court found that the doctor used "exceedingly bad judgment." That case is distinguishable from the present one. Here we have one slap that was not "hard" instead of several severe slaps; here we have "poor or hasty judgment" instead of exceedingly bad judgment; and here we have an emergency situation which did not exist in the other. In the other case the slaps were in the nature of discipline. Here the single slap was more in the nature of a protective or defensive measure.
In the Annotation, "Liability of doctor or dentist using force to restrain or discipline patient," 89 A.L.R.2d 983, 984, it is stated that "from what little authority there is available, it would appear that whether pecuniary liability is imposed on a doctor (or hospital based on respondent superior), because of the action taken by him to restrain or discipline a patient, depends on whether the situation called for the use of force, and if so, whether the amount of force used and the manner in which it was applied were proper under the circumstances." We think the rule stated is sound and, applying it to the situation before us, hold that the trial court could properly find that force was required, that it was not applied in an improper manner and that a recovery should be denied.
Affirmed.