YARRUT, Judge.
This is an appeal from a judgment in favor of Defendant in an assault and battery action.
Defendant admits striking Plaintiff on the head with three 16-inch-long pieces of pine wood wrapped in a newspaper, causing Plaintiff to suffer a cerebral concussion, but denies liability because Plaintiff was the aggressor and he acted in self-defense.
On the day of the assault, Plaintiff, while employed as a rigger at Avondale Shipyards, Jefferson Parish, was discharged on the recommendation of Defendant, his foreman. Plaintiff left his work gang after his discharge and an hour later entered the dressing room where Defendant was changing clothes, remonstrated with Defendant and started a scuffle between them. There is dispute as to what happened during the scuffle. Plaintiff and a friend who accompanied him testified that Plaintiff and Defendant both exchanged blows. However, Defendant and two other witnesses testified that Plaintiff attacked Defendant, beat him up without provocation, and that Defendant did not strike back in self-defense. Following the dressing room incident, Defendant went to the main office, reported the attack and started walking home with his son on the levee adjoining the Shipyards, carrying the three pieces of wood, wrapped in newspaper, when accosted by Plaintiff.
Plaintiff and one of two friends, who accompanied him, testified Plaintiff tapped Defendant on the shoulder and apologized to him for what happened in the dressing room; that Defendant told Plaintiff to get away from him and, as the Plaintiff turned to leave, Defendant struck him on the head with the package of wood.
On the contrary, Defendant and his son testified that, when they saw Plaintiff and his two friends walking up the levee toward them, Defendant’s son told his father to keep walking and to pay no attention to them; that Plaintiff grabbed Defendant by the shoulder and spun him around; when Defendant, thinking Plaintiff was going to resume “beating” him up, hit Plaintiff with the package of wood.
An independent witness, another Avon-dale employee, who was present on the levee, about 100 feet away, described the scene as follows:
“Q. Did you see anything take place?
“A. Well, I saw a man push Val (the Defendant). Val pushed the man away. The man goes at Val and Val pushed him away and hit him with a newspaper.
“Q. Did you see them stop and talk together ?
“A. Before that?
“Q. Yes.
“A. No, sir.”
The trial judge gave his reasons for dismissing Plaintiff’s suit, viz.:
“The Court has listened to this case very carefully and weighed all the facts in the Court’s mind.
“The Court is of the opinion that the plaintiff was the aggressor, and the defendant thought he was in danger of grave bodily harm, and a reasonable man would have so thought under the circumstances as outlined here.
“And that he was justified in protecting himself, believing that he was in danger of great bodily harm.
“Therefore, there will be judgment in favor of the defendant, dismissing plaintiff’s suit.”
*709 The conclusions of the trial judge are amply supported by the evidence and the jurisprudence that an aggressor cannot recover for injury he suffered in an assault he provoked. Oubre v. Judice, La.App., 147 So.2d 745; Hall v. White, La.App., 145 So.2d 784; Haydel v. Bullinger, La.App., 128 So.2d 441; Finkelstein v. Naihaus, La.App., 151 So. 686. A defendant who believes he is in danger, is justified in using reasonable force to repel an attack. Pearson v. Taylor, La.App., 116 So.2d 833; Patterson v. Kuntz, La.App., 28 So.2d 278.
However, Plaintiff contends Defendant became the aggressor because he used force in excess of that needed for defensive purposes, citing Hopper v. Ross, D.C., 123 F.Supp. 371, aff’d 5 Cir., 228 F.2d 622; Brazil v. McCray, 96 So.2d 887 and Smith v. Foucha, La.App., 172 So.2d 318. These latter cases are distinguishable from the instant case. In Hopper v. Ross and Smith v. Foucha, defendants were held to have used excessive force when they shot unarmed men, who had not even struck them previously. Plaintiff relies upon Brazil v. McCray in which case plaintiff inflicted a razor cut on defendant’s hand and later picked up a shovel and attempted to strike him with it; whereupon defendant took the shovel and beat plaintiff over the head several times. The court held defendant had used excessive force in repelling plaintiff, who was a 120-lb. woman, while the defendant was a 200-lb. man.
The circumstances preceding a defensive reaction are important factors to-be considered in deciding whether one has used excessive force in defending himself. Wilson v. Dimitri, La.App., 138 So.2d 618.
In this case Plaintiff is a 26-year-old man who “beat up” the Defendant, aged 57, a short time before, and later approached Defendant in what Defendant reasonably considered a hostile manner. Under the circumstances, Defendant was justified in repelling what he thought was a renewal of the original unprovoked attack upon him and defended himself by striking Plaintiff as he did.
For the above reasons the judgment appealed from is affirmed; all costs in both courts to be paid by the Plaintiff.
Judgment affirmed.